EXHIBIT 1 -
State Court Pleadings
Tulsa County Case No. CJ-2018-240
Petition & Summons



DISTRICT COURT
FILED
JAN 18 2018
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| KAREN "KAY" CLUTE | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CJ-2018-00240 |
| MURRAY WOMBLE, INC., an Oklahoma For Profit Corporation, | ) Rebecca Brett Nightingale |
| Defendant. | ) |

## PETITION

Comes now the Plaintiff, Karen "Kay" Clute, ("Clute"), by and through her attorney of record, and she does hereby file this Petition for age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), against her former employer and the Defendant, Murray Womble, Inc., an Oklahoma For Profit Corporation, ("Murray Womble"). In support of her claims, Clute would state the following:

1. The Plaintiff, Karen "Kay" Clute, is a resident of Tulsa County, Oklahoma.

2. Defendant Murray Womble, Inc. is an Oklahoma For Profit Corporation with a principal office in Owasso, Tulsa County, Oklahoma.

3. The Plaintiff received their Right to Sue letter from the U.S. Equal Employment Opportunity Commission - Oklahoma City Area Office on or after October 23, 2017.

4. Jurisdiction and venue in this Honorable Court are proper.

### 2. Background Allegations

5. Clute, date of birth March 13, 1953, was hired by Murray Womble as the Accounts Receivable Clerk in the Accounting Department on September 30, 2014.

6. Clute was hired by Linda Stanton ("Stanton"), one of the three owners of Murray Womble, and Clute reported directly to her.

7. The other two owners of Murray Womble are Jeff Naber ("Naber") and Joey Austin ("Austin").

8. On or about March 14, 2016, Clute learned that she needed back surgery.

9. Clute advised Stanton about her need for back surgery as soon as Clute learned about it. Clute specifically asked Stanton, "Will this jeopardize my job?" Stanton responded with, "No, we will get a temporary employee and you can train them."

10. Clute was not seriously concerned about her job being in jeopardy if she was out for back surgery because Naber, Austin and Stanton's husband, Brad Stanton, had all had back surgery recently while employed by Murray Womble.

11. On April 14, 2016, Clute had her back surgery. She was off work a total of nine (9) weeks due to complications from her surgery.

12. Clute returned to work on June 21, 2016. When Clute returned Stanton advised her they would keep Pam Carter ("Carter"), the temporary employee who had filled in for Stanton, for a few additional weeks because initially Clute was only working part-time.

13. Carter was in her late 30s or early 40s and significantly younger than Clute.

14. When Clute returned to work on June 21, 2016, she was placed in a junk room in the Sales Department, away from the Accounting Department, to work and she was not returned to the office she occupied prior to her surgery. Carter occupied Clute's former office.

15. Prior to Clute's back surgery, her job performance had been excellent; she received a pay increase; she received public compliments at the 2015 Christmas party from Stanton; and she

was never disciplined in her position.

16. After a couple of weeks Clute was able to return to a full-time schedule at work. About that time, Stanton approached Clute and asked, "Have you thought about taking Social Security?" Stanton interpreted this as meaning 'taking retirement.' Clute responded with, "Why would I do that? What about my job?" Stanton replied with, "I don't know about that."

17. Shortly after Clute returned to her full-time schedule, she was able to review the work which had been performed by Carter and Clute showed Stanton a number of mistakes which had been made by Carter. Stanton simply corrected these errors and said nothing about them to Carter.

18. On August 10, 2016, without any discussion beforehand with Clute, Stanton sent a company-wide email to all employees announcing Carter had been hired as the new "Accounting Manager." Clute was stunned and surprised and initially did not believe this was putting her job as Accounts Receivable Clerk in jeopardy.

19. On August 11, 2016, however, Stanton called Clute into her office and asked her to sign an Employee Termination document indicating she was terminated effective August 11, 2016 because her position of Accounts Receivable Clerk had been eliminated.

20. Clute's position as Accounts Receivable Clerk was not eliminated, the title was merely changed to Accounting Manager.

21. Clute was given no other reasons for her termination.

**COUNT ONE - AGE DISCRIMINATION**

Clute realleges and reasserts the allegations in paragraphs 1-21 herein.

22. Clute was terminated from her position with Murray Womble.

23. Clute was 63 years old at the time she was terminated by Murray Womble.

24. An younger individual than Clute, Carter, was hired to replace her.

25. Murray Womble terminated Clute because of her age, that is, Murray Womble would not have discharged Clute but for her age.

26. As a result of this violation of ADEA, Clute is entitled to lost wages from the date of her termination of employment, the value of her lost employee benefits from the date of her termination of employment, compensatory damages, punitive damages, attorneys fees and costs.

Respectfully submitted,

*Jean Walpole Coulter*
Jean Walpole Coulter, OBA # 9324
Jean Walpole Coulter & Associates, Inc.
406 South Boulder, Suite 712
Tulsa, Oklahoma 74103
(918) 583-6394
(918) 583-6398 FAX
jeancoult@aol.com

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

RECEIVED JAN 25 2018 MURRAY WOMBLE

| | |
|---|---|
| KAREN "KAY" CLUTE,<br><br>Plaintiff,<br><br>vs.<br><br>MURRAY WOMBLE, INC.,<br>an Oklahoma For Profit Corporation<br><br>Defendant. | )<br>)<br>)<br>)<br>) CJ-2018-00240<br>) Case No.<br>) Rebecca Brett Nightingale<br>)<br>)<br>) |

## SUMMONS

To the above-named Defendant:

Murray Womble, Inc.
c/o Johnnie J.D. Austin, Jr.
Registered Agent
8150 N. 116th E. Ave.
Owasso, Oklahoma 74055

    You have been sued by the above-named plaintiff, and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the date of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.

    Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

    Issued this __18__ day of January, 2018.

DON NEWBERRY, Court Clerk

By: _____
      Deputy Court Clerk

(Seal)

Attorney for Plaintiff:
Jean Walpole Coulter, OBA #9324

Jean Walpole Coulter & Associates, Inc.
406 South Boulder, Suite 712
Tulsa, Oklahoma 74103
(918) 583-6394
(918) 583-6398 FAX
jeancoult@aol.com

This summons was served on _____
                                              (date of service)

_____
Signature of person serving summons

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

### CERTIFICATE OF SERVICE BY MAIL

    I certify that I mailed copies of the foregoing summons with a copy of the petition attached to the following named defendants at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of December, 2010, and receipt thereof on the dates shown:

| Defendant | Address Where Served | Date Receipted |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

By: _____