# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

KAREN "KAY" CLUTE,  )
)
      Plaintiff,  )
)  Case No. 18-CV-90-JED-FHM
v.  )
)
MURRAY WOMBLE, INC.,  )
)
      Defendant.  )

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment (Doc. 18) filed by the defendant, Murray Womble, Inc. Defendant argues that Plaintiff should be judicially estopped from asserting her age discrimination claim against Defendant based on her failure to list that claim as an asset of her bankruptcy estate when she filed for bankruptcy. Plaintiff has submitted a response (Doc. 20), and Defendant has filed a reply (Doc. 21).

**I.    Background**

The following facts are supported by evidence in the record and are construed in favor of Plaintiff, the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

On August 11, 2016, Plaintiff Karen "Kay" Clute was terminated from her employment with Defendant Murray Womble, Inc. On or about October 14, 2016, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant. On June 2, 2017, Plaintiff filed a perfected Charge of Discrimination with the EEOC, alleging that she was discriminated against on the basis of her age.

Also on June 2, 2017, Plaintiff filed a Chapter 7 Voluntary Petition for Bankruptcy with the U.S. Bankruptcy Court for the Northern District of Oklahoma. Schedule A/B, Question 33, of

the bankruptcy petition asked whether she had any "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment." (Doc. 18-3 at 15 of 48). The question provided the following examples: "Accidents, employment disputes, insurance claims, or rights to sue." (*Id.*). In response to Question 33, Plaintiff answered "No." (*Id.*). Question 34 of Schedule A/B asked whether Plaintiff had "[o]ther contingent and unliquidated claims of every nature . . . ." (*Id.*). Plaintiff again responded "No." (*Id.*). Question 35 of Schedule A/B asked whether Plaintiff had "[a]ny financial assets you did not already list." (*Id.*). Plaintiff answered "No." Plaintiff also answered "No" to Question 9 of the Statement of Financial Affairs, which asked, "Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?" (Doc. 18-3 at 34 of 48).

Plaintiff signed her bankruptcy petition and Statement of Financial Affairs, affirming that she had examined the petition and related documents and declaring under penalty of perjury that the information she provided was true and correct. On September 5, 2017, an Order of Discharge was entered in Plaintiff's bankruptcy case, granting her a discharge order under 11 U.S.C. § 727. On September 21, 2017, a Final Decree was entered in Plaintiff's bankruptcy case, fully discharging her debt and closing the case.

On January 18, 2018, Plaintiff commenced this action against Defendant, alleging age discrimination. On June 26, 2018, Defendant filed the present summary judgment motion (Doc. 18). Shortly thereafter, on July 6, 2018, Plaintiff filed a motion to reopen her Chapter 7 bankruptcy case. In this motion, Plaintiff stated that she "seeks to file a Motion to Allow the Filing of an Amendment of Schedule A to include the necessary property: Claim Against a Third Party." (Doc. 20-1 at 1).

## II. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The courts thus must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The non-movant's evidence is taken as true, and all justifiable and reasonable inferences are to be drawn in the non-movant's favor. *Id.* at 255.

## III. Analysis

"The purpose of judicial estoppel 'is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment . . . [and] to prevent improper use of judicial machinery.'" *Queen v. TA Operating, LLC*, 734 F.3d 1081, 1087 (10th Cir. 2013) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)). "Three factors 'typically inform the decision whether to apply the doctrine [of judicial estoppel] in a particular case.'" *Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007) (quoting *New Hampshire*, 532 U.S. at 750). "First, a party's subsequent position must be clearly inconsistent with its former position." *Id.* (internal quotation marks omitted). "Next, a court should inquire whether the suspect party succeeded in persuading a court to accept that party's former position, so that judicial acceptance of an inconsistent position in a later proceeding would create the *perception* that either the first or the second court was misled[.]" *Id.* (alteration in original) (internal quotation marks omitted). "Finally, the court should inquire whether the party

3

seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped." *Id*.

### A. Inconsistent Positions

The first factor is clearly satisfied here. Ms. Clute represented to the bankruptcy court that she did not have any claims against third parties and that she had not been a party to any administrative proceeding in the year prior. In fact, she had filed a Charge of Discrimination with the EEOC against Defendant Murray Womble, Inc., less than a year before filing for bankruptcy and had filed a perfected charge the same day as filing for bankruptcy.

In response, Plaintiff argues that, upon filing her bankruptcy petition, she had not filed her age discrimination claim in a court of law and did not know if she would ultimately do so. (Doc. 20 at 5). However, in unpublished cases, the Tenth Circuit has affirmed the application of judicial estoppel where plaintiffs were actively pursuing a potential claim but had not yet filed a lawsuit. *See Anderson v. Seven Falls Co.*, 696 F. App'x 341 (10th Cir. 2017) (unpublished) (plaintiff had hired a personal injury attorney, who, in turn, had filed a notice of claim with the defendant and sent a settlement demand by the time plaintiff's bankruptcy case began); *Ardese v. DCT, Inc.*, 280 F. App'x 691 (10th Cir. 2008) (unpublished) (plaintiff had filed charges against the defendant with the National Labor Relations Board and the EEOC prior to filing for bankruptcy). Given the timing of her EEOC filings, it is clear that Plaintiff was actively pursuing her potential claim against Murray Womble, Inc., when she filed her bankruptcy petition. The Court, therefore, finds no genuine dispute as to whether Plaintiff took inconsistent positions before this Court and the bankruptcy court.

### B. Perception of Misleading the Court

The Court also finds that Plaintiff's actions indisputably created the perception that she successfully misled the bankruptcy court. "A court accepts a position if the record in the prior case shows the court made a specific finding or holding on that point." *Anderson*, 696 F. App'x at 346. According to the docket report for Plaintiff's bankruptcy case, the initial trustee of the bankruptcy estate reported that there was "no property available for distribution over and above that exempted by law." Doc. 10 in Case No. 17-1115-R (U.S. Bank. N.D. Okla. July 10, 2017). This finding by the trustee was undoubtedly based on Plaintiff's submitted asset schedule. The bankruptcy court then entered its Order of Discharge (Doc. 18-4) based on the trustee's report.

Plaintiff points out that she has filed a motion to reopen her bankruptcy case in order to amend her asset schedule to include this pending lawsuit. Nevertheless, the Tenth Circuit has held that a discharge in bankruptcy is sufficient to establish a basis for judicial estoppel, even if the bankruptcy case is later reopened and the discharge is vacated. *Eastman*, 493 F.3d at 1160. In *Eastman*, the Tenth Circuit explained that allowing a plaintiff "to 'back up' and benefit from the reopening of bankruptcy only after his omission had been exposed would suggest that a debtor should consider disclosing potential assets only if he is caught concealing them." *Id*. (internal quotation marks omitted). Accordingly, the Court finds that the second factor is satisfied, despite the fact that Plaintiff has moved to reopen her bankruptcy suit.

### C. Unfair Advantage

Lastly, the Court finds that the third factor is satisfied, where Plaintiff received the benefit of a discharge without ever having disclosed her age discrimination claim. There is no genuine dispute that this failure to disclose provided her an unfair advantage over her creditors. *See Eastman*, 493 F.3d at 1159-60; *Anderson*, 696 F. App'x at 347 ("We ask only if the party that

5

changed positions acquired any sort of advantage by the position initially taken, and that test is clearly satisfied by [the plaintiff] receiving a discharge in bankruptcy.").

D. **Other Considerations**

Although Plaintiff does not dispute that she failed to include the potential age discrimination claim in her asset schedule before the bankruptcy court, she contends that this was done inadvertently with no intent "to deceive anyone or to deny any creditor of mine the benefits of this 'claim,' should [she] prevail." (Doc. 20-2 at ¶¶ 3, 6). She claims in a signed affidavit that she "did not understand that merely filing [her] 'story' with the [EEOC] gave rise to a 'claim' which needed to be disclosed on Schedule A/B." (*Id*. at ¶ 4). She also avers that she only recalls her bankruptcy attorney asking her if she had any pending lawsuits or claims for money against her. (*Id*. at ¶ 5).

The Supreme Court has explained that additional considerations beyond the three factors discussed above may inform whether judicial estoppel applies in certain contexts. *New Hampshire*, 532 U.S. at 751. Specifically, "it may be appropriate to resist application of judicial estoppel 'when a party's prior position was based on inadvertence or mistake.'" *Id*. at 753 (quoting *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 29 (4th Cir. 1995)). Generally speaking, courts have deemed a debtor's failure to make full disclosures to a bankruptcy court to be inadvertent "only when . . . the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Queen*, 734 F.3d at 1093 (quoting *Eastman*, 493 F.3d at 1157).

Here, the Court finds that the only reasonable inference to be drawn from the evidence is that Plaintiff knew of her undisclosed potential claim. Plaintiff wrote in her perfected EEOC charge that she believed she had "been discriminated against because of [her] Age, 64 years in violation of the Age Discrimination in Employment Act of 1967, as amended." This statement

6

suggests that Plaintiff sufficiently understood the legal basis of her claim to realize that she had a potential cause of action. Moreover, the Court again notes that Plaintiff filed her perfected EEOC charge on the exact same day as filing her bankruptcy petition, further suggesting that Plaintiff was well aware of her potential age discrimination claim against Defendant. Plaintiff's knowledge of her undisclosed potential claim is simply not in genuine dispute.

Plaintiff attempts to place blame on her bankruptcy attorney, but the Tenth Circuit rejected a similar argument in *Eastman*. 493 F.3d at 1159 ("Gardner's assertion that he simply did not know better and his attorney 'blew it' is insufficient to withstand application of the doctrine [of judicial estoppel]."). Similarly, this Court is unwilling to excuse Plaintiff's failure to disclose all her assets by reason of her attorney's alleged shortcomings—especially when Plaintiff (1) affirmed upon submission of her bankruptcy petition that she had examined the petition and related documents and (2) declared under penalty of perjury that the information she provided was true and correct. (Doc. 20 at 2, ¶ 9).

Lastly, although Plaintiff claims to have had no motive to conceal the potential age discrimination claim, trial courts "may readily infer that debtors have a motive to conceal assets in bankruptcy proceedings." *Anderson*, 696 F. App'x at 347. In *Eastman*, the Tenth Circuit noted that "[t]he ever present motive to conceal legal claims and reap the financial rewards undoubtedly is why so many of the cases applying judicial estoppel involve debtors-turned-plaintiffs who have failed to disclose such claims in bankruptcy." 493 F.3d at 1159. Here, too, the Court finds that Plaintiff had a motive to conceal her potential age discrimination claim so as to "obtain a discharge free and clear of [her] creditors." *Id*. Plaintiff's self-serving affidavit is simply insufficient to create a genuine factual issue.

7

Having found that all three factors are satisfied and no other considerations counsel against the application of the doctrine, the Court finds that judicial estoppel as to Plaintiff is appropriate in this case.

## IV. Substitution of Parties

In her response, Plaintiff argues that the bankruptcy trustee should be afforded an opportunity to intervene in this action, ratify it, or abandon the claim. The Court agrees.

Pursuant to Fed. R. Civ. P. 17, a trial court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." In *Eastman*, the Tenth Circuit noted that the district court had likely erred in applying judicial estoppel against the bankruptcy trustee, "at least to the extent [the plaintiff's claims] were necessary to satisfy his debts." 493 F.3d at 1155 n.3. The *Eastman* court reasoned that "at the time of the [trial] court's decision, the trustee as the real-party-in-interest had not engaged in contradictory litigation tactics." *Id*. Similarly, here, the Court finds no reason to apply judicial estoppel against Plaintiff's bankruptcy trustee, if he or she chooses to pursue this claim in an attempt to satisfy Plaintiff's debts.

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. 18) is **granted** as to Plaintiff. However, before entering judgment and terminating this case, the Court will allow Plaintiff's bankruptcy trustee sixty (60) days to intervene as the real-party-in-interest. Ms. Clute is hereby ordered to provide a copy of this Opinion to her bankruptcy trustee.

SO ORDERED this 16th day of January, 2019.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE